

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

RECEIVED

APR 21 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Roderick Zavala #K68847

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

— Mark Damon;

— Saleh Obaisi;

— Randy Pfister;

— Wexford Health Serces,
Inc., In Their
Individual Capacity

(Enter above the full name of ALL
defendants in this action.  <u>Do not</u>
use "et al.")

Ca
(T

**1:17-cv-3042**
**Judge Sara L. Ellis**
**Magistrate Judge Mary M. Rowland**
**PC9**

## CHECK ONE ONLY:

✓     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.    Plaintiff(s):**

    A.    Name: Roderick Zavala

    B.    List all aliases: N/A

    C.    Prisoner identification number: K 68842

    D.    Place of present confinement: Stateville C.C.

    E.    Address: P.O. Box 112, Joliet, IL. 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: Mark Damon

        Title: Industry Supervisor

        Place of Employment: Stateville C.C, Joliet IL.

    B.    Defendant: Saleh Obaisi

        Title: Medical Director

        Place of Employment: Stateville CC, Joliet IL.

    C.    Defendant: Randy Pfister

        Title: Warden

        Place of Employment: Stateville CC, Joliet IL.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

II. Defendant(s):

B. Defendant : Wexford Health Sources, Inc.
Title : Health Care Provider
Place of Employment : Illinois Department
of Corrections / Stateville C.C.

(2b)

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _N/A_____

B. Approximate date of filing lawsuit: _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____
_____

D. List all defendants: _____
_____
_____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F. Name of judge to whom case was assigned: _____

G. Basic claim made: _____
_____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
_____

I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

This action is brought pursuant to 42 USC Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the U.S. Constitution. Plaintiff suffered a serious left hand injury on November 1, 2016, when his left hand got caught in the chain and gears of a soap machine at Stateville Correctional Centers Industry Soap Shop, and as a consequence suffered crushed injuries and lacerations to his baby finger, middle finger, and the ring finger receiving the most damage with deep lacerations that were jagged. After receiving surgery on November 2, 2016, Plaintiff was blatantly and callously denied recommend prescribed treatment (Extensive Physical Therapy

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

3 times a week) by certified hand specialist ordered by Orthopedic Specialist(s). Plaintiff had to suffer, and continues to suffer irreparable harm and disability, because of the defendants deliberate indifference, as they failed to comply/adhere with prescribed treatment, and Plaintiff was denied the most important aspect of post-operative treatment, Physical Therapy. Plaintiff was denied access to a qualified physical therapist for 57 Days. After surgery on November 1, 2016, Plaintiff did not go to his first physical therapy until December 27, 2016, and once there, Jose Becerra (physical therapist) noticed puss and blood coming out from hole in ring finger. Physical therapist noticed that stitches were still in place and that it was probably the cause of the excruciating pain, puss, and bleeding.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Defendant's continued to deny Plaintiff the extensive physical therapy that Orthopedic Surgeon, Dr. Norman Weinzweig, and even denied Plaintiff access to follow-up post-op evaluation within two weeks of plaintiff's November 9, 2016 visit. It wasn't until December 9, 2016 that Plaintiff went to see Dr. Katherine Southworth at Mid-West Hand Care for splint recommendation and she too recommended extensive physical therapy 3 times a week. Defendant's ignored with deliberate indifference this basic medical need.

Because of Defendant's denial of adequate medical care, their personal involvement in Plaintiffs' Constitutional deprivations, their deliberate indifference to a serious medical need, Plaintiff continues to suffer agonizing pain, and impairment with daily activities as grabbing and holding things in his left hand.

- Plaintiff, Roderick Zayala, is in custody of the Illinois Department of Corrections (IDOC). At all times

relevant to the events at issue, in
this case. Plaintiff was housed at
Stateville Correctional Center (S.C.C.).

- Defendant, Mark Damon, was an Industry
Supervisor at S.C.C., and was responsible
for the implementation, oversight, and
supervision of policies and practices at
Industry Soap Shop at S.C.C.. Defendant
Damon, is sued here in his individual
capacity. At all times relevant to the
events at issue in this case, Defendant
Damon was acting under color of law,
and within scope of his employment
with the I.D.O.C. .

- At all times relevant to his involvement
in this case, Defendant Randy Pfister,
was the Warden at S.C.C. (an employee
of the IDOC, and was responsible
for the implementation, oversight, and
supervision of policies and procedures,
at S.C.C.. Defendant Pfister is sued,
here in his individual capacity. At all
times relevant to the events at issue
in this case, Defendant Pfister was
acting under color of law and within

the scope of his employment with
the I.D.O.C.

- At all times relevant to his involvement
in this case, Defendant Saleh Obaisi,
was Medical Director at S.C.C. an
employee of and final policymaker
for Wexford Health Sources, Inc. (Wexford),
and was responsible for the implementation,
oversight, and supervision of policies
and practices at S.C.C.. Defendant
Obaisi, is sued here in his individual
capacity. At all times relevant to
the events of this case, Defendant
Obaisi was acting under color of law
and within the scope of his employment.

- Defendant Wexford Health Sources, Inc.
(Wexford), is a corporation headquartered
in Pennsylvania, transacting business
in the State of Illinois. Wexford,
pursuant to a contract with the
State of Illinois, is a healthcare
provider for the I.D.O.C.. At all
times relevant to the events at
issue in this case, Wexford was
responsible for the implementation,

8-

oversight, and supervision of policies
and practices at S.C.C. and the I.D.O.C.
prison generally. As an agent of the
I.D.O.C., Wexford was at all times
relevant to the events in this case
acting under color of law by and
through its lawful agents including the
individual Defendant and other unknown
healthcare employees at S.C.C.

Plaintiff suffered a catastrophic
left hand injury on November 1, 2016
while working in the soap shop at
Statevilles Industry. while Plaintiffs
hand became trapped between soap
machine gears and chain, Defendant Domon
came to area where Plaintiff was
screaming from shock and pain. Defendant
Domon did not know what to do to
help, Plaintiff be freed from crushing
incident. Defendant Domon did not
have any procedure in place to assist
Plaintiff freed himself from hand
trapped between chain and gears of
soap machine. Defendant Domon
Never Trained Plaintiff How To

Operate Soap Machine, Nor Gave Any
Safety Guidelines To Plaintiff.
Defendant left Plaintiff to free himself,
acting recklessly and with deliberate
indifference to Plaintiffs significant
injury. Plaintiff was in and out of
consciousness, and with tools other
inmates gave him, had to free himself.
Defendant was grossly negligent in
supervising Plaintiff and others under
his supervision. Defendant acted
with deliberate indifference to
plaintiffs serious risk and failed
miserably to act reasonably to avert
Plaintiff's injuries. Defendant Doman
failed to act to prevent plaintiff
from serious harm by his own
culpable action or inaction in training
Plaintiff. Defendant Doman, rather
was concerned with his own
wellbeing bee visiting Plaintiff at
Stateville Health Care Unit (HCU)
and indicating that Plaintiff say
that he was properly trained.
This was on November 4, 2016.
Even after Plaintiff's catastrophic
left hand injury, Defendant Doman

with deliberate indifference forced
Plaintiff to go back to work and
train someone else in operating
soap machine, being well aware
that he (Defendant) never trained
Plaintiff. Defendant with deliberate
indifference to Plaintiffs serious
medical issues, forced Plaintiff to
go back to work. On November
22, 2016, Defendant forced Plaintiff
to return to work even though
Plaintiff was suffering excruciating
pain, couldn't bend his fingers and
forced to operate the same
soap machine on which Plaintiff
suffered the catastrophic injury.
If Plaintiff refused to go back
to work on November 22, 2016
Defendant would fire Plaintiff
from his assignment thus being
deliberately indifferent to
Plaintiffs serious injuries. Defendant
Demon's negligence in training Plaintiff
to be able to operate soap machine,
was deliberately indifferent in this
act by knowing of the substantial
risk to harm to Plaintiff by

not training him properly, Defendant
Danon exposed Plaintiff to the dangers
by purposely neglecting to train Plaintiff
as is his responsibility in a supervisory
role. Because of other improprieties, Defendant
has been suspended from his job.

— Defendant Saleh Obaisi, medical
director at SCC, and an employee
and/or agent of Wexford, was
deliberately indifferent to Plaintiff's
catastrophic left hand injury by
denying Plaintiff recommended
prescribed treatment by Orthopedic
Specialists (Surgeon Dr. Weinzweig
and Dr. Sayliuorth), that Plaintiff
receive extensive Physical Therapy
by Certified Hand Specialist. Defendant
failed to do so, and Defendant
with deliberate indifference
blatantly disregarded the recommen-
dations and Plaintiff was left with
no Physical Therapy for 57 days.
Defendant Obaisi even failed to
remove Plaintiff's surgical stitches
for 57 days. It was only when
Plaintiff saw Physical Therapist
for the first time, that Plaintiff

— 2 —

was taken again to E.R. and saw
Dr. Aguinaldo to have stitches removed.
Dr. Aguinaldo was in unbelief that
Defendant Obaisi had not taken the
stitches out from surgical intervention.
Plaintiff complained to Defendant
Obaisi by grievance, letters, and
personal conversations of the
excruciating pain, and the deprivation
of Physical Therapy. Defendant Obaisi
(just did nothing. Defendant Obaisi
participated directly in the alleged
Constitutional violation by being
deliberately indifferent to Plaintiff's
serious medical need. Defendant
Obaisi after being informed and
alerted of violation failed to
remedy the wrong, created a
policy or custom under which
unconstitutional practices occurred
to Plaintiff and allowed the continuance
of such practice. By Defendant's
action or inaction, he purposely put
Plaintiff in a situation to create
a risk of serious damage to his
future health, and leading Plaintiff
to irreparable harm and permanent

disabilite, The deliberate indifference demonstrated by this Defendant is not one todays, society chooses to tolerate. Defendant Obaisi did not respond resonably to the risk posed to Plaintiff by his deliberate indifference to Recommended Prescribed Treatment Denial of Prescribed Treatment for 57 days in treating Plaintiffs serious injury states a claim of deliberate indifference. Defendants deliberate indifference bordered on the barbarous. Defendant interfered intentionally with the necessary prescribed treatment and forced plaintiff to suffer needlessly. Defendant became hostile and dismissive to Plaintiffs needs and therefore deliberately indifferent. Defendants actions simply made no sense.

- Defendant Pfister, is the Warden of S.C.C., and as such holds the ultimate authority in the complete Institution, and can ensure That inmates not be deprived constitutional guarantees. As Chief Administrative

-14-

Officer, Defendant Pfister could've avoided Plaintiff's deprivation of adequate medical care, but chose to turn a blind-eye. Defendant Pfister denied and ignored Plaintiff's emergency grievance by deeming them Non-Emergency. This Defendant ignored the seriousness of the Emergency Grievance without conducting any investigation. Apart from Emergency Grievances, Plaintiff wrote letters to Defendant Pfister on November 17, 2016 and November 24, 2016 about pain and the denial of follow-up post-op evaluation, and physical therapy being denied. Defendant was aware of crushing left hand injury as a Memorandum dated November 19, 2016 was issued to him, by Stateville's Internal Affairs Unit. Memorandum states in part that; this inquiry was completed at the request of Warden Pfister. Once Plaintiff made Defendant aware of the deprivation of adequate medical care, Defendant should have instructed that Plaintiff receive

— 15 —

Prescribed Treatment. This Defendant should be held liable and chargeable with deliberate indifference where he had actual knowledge that prison doctors or their assistants were not treating Plaintiff as prescribed by Orthopedic Specialists. Defendant signed off on the Emergency Grievances and one can infer that Defendant Pfister had actual knowledge of Plaintiff's injuries, and the ongoing denial of treatment prescribed but failed to take no action. As a consequence of Defendants unjustified and unconstitutional conduct Plaintiff experienced pain, suffering, emotional distress, and injury. Defendant Pfister allowed the practice and policies to flourish under his supervision. By being deliberately indifferent to the problem, Defendant basically ratified it and condoned it. Defendants failure to act were intentional, done with malice and/or done with reckless indifference to Plaintiff's rights. Defendant Pfister had a reasonable opportunity

-16-

to prevent the violation of Plaintiff's
constitutional rights, but failed to close.

- Defendant Wexford chose to intentionally
delay in providing the medical treatment
mandated by outside healthcare
professionals (Orthopedic Specialists.
Wexford's contract with the IDOC
specifically states that Wexford shall
ensure that a treatment plan is
developed for each inmate, who requires
on-going care. Wexford failed to do
just that in this case. With deliberate
indifference, Wexford together with
its agents/employee's maliciously refused
Plaintiff access to mandated prescribed
treatment by Orthopedic Specialists.
Wexford's contract also states that
they shall arrange for the provision
of medical services to IDOC inmates
on-site and off-site as medically
indicated. Wexford also departed
from its contract obligations as health-
care provider by being deliberately
indifferently to Plaintiff by allowing
Plaintiff to suffer pain, emotional
distress and irreparable harm by

blatantly breaching its contract obligations as a Healthcare provider. Wexford's actions departed from its obligation to provide medical services that are accepted by community standards of care. This deliberate indifference must be afforded Due Process. Wexford also employs defendant Obaisi who also is responsible for the violation of Plaintiffs Eighth and Fourteenth Amendment rights. Wexford corporate policy has been the direct cause and moving force behind the constitutional violations of the Plaintiff. Plaintiff was denied being treated by Certified Hand Therapist for 57 days after surgical intervention as recommended by Orthopedic Surgeon Norman Weinzweig. This deliberate indifference to Plaintiffs serious medical needs has led Plaintiff to pain, suffering and emotional distress as well as being disabled in his left hand. Plaintiffs left ring finger is basically deformed and has limited movement because of deprivation of prescribed physical

therapy. Defendant's Wexford and Obaisi both failed to properly treat Plaintiff's serious medical condition and failed to have adequate policies in place for the post-op treatment that Plaintiff required.

Plaintiff has suffered from deteriorating deformities, inclusive of pain, suffering, and disability, that will require the expense of future medical care and will suffer in the future pain, and disability, because of defendant's deliberate and reckless disregard to Plaintiff's mandated adequate needs. None of the recommendations were approved by Defendants Obaisi and Wexford. The aforementioned Defendants participated directly in the alleged Constitutional violations. One, by exposing the Plaintiff to suffer an injury, and two by failing to adhere to constitutional provisions in place to assure that Plaintiff not be submitted to Cruel and Unusual punishment. After being informed of the

violations they failed to remedy the wrong. Pfister, Obaisi, Wexford have created a policy, or a culture, under which unconstitutional practices occurred. All of the defendants including Damon, were grossly negligent in supervising. These Defendants exhibited deliberate indifference to the rights of the Plaintiff,

- 20 -

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## V.   Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff requests the amount of $300,000.⁰⁰ for irreparable harm in the loss of function in his left hand-fingers/Grip Compensatory and Punitive damages for pain, suffering, emotional and psychological distress and anguish; and implementation of safety and training procedures relating to machinery at prison Industry.

VI.   The plaintiff demands that the case be tried by a jury.   ☑ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 13th day of April, 20 17

_____
(Signature of plaintiff or plaintiffs)

Roderick Zavala SR.
(Print name)

K68842
(I.D. Number) Stateville C.C.

P.O. Box 112

Joliet, Illinois 60434
(Address)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

C430

| Date: 11/10/16 | Offender: (Please Print) Roderick Zavala Sr. (Roderick Zavala Sr.) | ID#: K68842 |
|---|---|---|

| Present Facility: SNCC | Facility where grievance issue occurred: |
|---|---|

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
|---|---|---|---|
| ☐ Staff Conduct | ☐ Dietary | ☑ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☑ Other (specify): Injury |

☐ Disciplinary Report: _____ / _____ / _____
Date of Report          Facility where Issued

NOV 14 2016
447N

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On Nov. 1st 2016 at approximately 9:15am, I Roderick Zavala Sr. #K68842, Got my left hand, and three fingers, middle, ring, and pinky, caught in between the gears and the link chain of the soap machine, that I was assigned to, on Nov. 1st 2016 in the Stateville industries soap shop. I was removing excess soap from the side of the motor, so that the motor would not over heat, causing the machine to shut down. This is the custom and practice that I was taught, by another inmate, to do regarding excess soap on the side of the motor. This taught custom and practice, by an inmate, I have been doing for the past year. This soap machine is extremely dangerous, and I was not properly taught how to use this machine. If I had been taught properly, I would have been told not to put my hand in that area, and this would have never happened. Also, I have been previously injured on this machine, in another area, on 07/22/15, where I sliced open my index finger, of my right hand, and (over→)

**Relief Requested:** Proper and adequate training for all persons who are assigned to operate any machines in the industries. No retaliation pertaining to firing me, or immediate transfer, until all issues have been completely resolved. (Proper and adequate medical treatment, including all Follow up, rehab, and Damages as allowed by law...)

☑ Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Offender's Signature (Roderick Zavala Sr.) | ID# K68842 | Date 11/10/16 |
|---|---|---|

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | |
|---|---|

| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response _____ / _____ / _____ |
|---|---|---|

---

| **EMERGENCY REVIEW** | |
|---|---|

| Date Received: 11/14/16 | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance |
|---|---|
| | ☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date RECEIVED 11/15/16 |
|---|---|

Distribution: Master File; Offender                Page 1                DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

NOV 18 2016
ADMINISTRATIVE
REVIEW BOARD

needed medical attention. During both injuries that I suffered, I was only doing what I had been taught to do. On 11/01/16, following my hand being caught in the machine, no one, including my Supervisor M. Damon, had any idea of how to free my hand. Fortunately I was able to turn the machine off by myself. Once the machine was off, I could feel my left hand and fingers being crushed between the gear and the chain. Supervisor M. Damon asked me: "What do I do?" I responded, to remove the cover, so we can see the gears, because there was no way to see how I was trapped. Once the cover was removed, I asked him how does it look? He responded: "It looks bad." While my hand was trapped, and being crushed, I moved in-and-out of consciousness. While conscious, I was feeling extremely dizzy; my breathing became rapid; I was in extreme pain. At no time did Supervisor M. Damon or anyone else call anyone who was capable of freeing my hand. I had to free my own hand. C/o R. Graves #9067, was assigned to the soap shop on 11/01/16. C/o R. Graves #9067 was present, and is willing to verify, the circumstances surrounding this catastrophic incident. After freeing my own hand, out of the machine, Nurse Wendy wrapped my hand and brought me to the health care unit in a wheelchair. Once at the health care unit, my hand was cleaned to the best of their ability. Due to the fact that I had to free my own hand, and I went in-and-out of consciousness, plus the fact that I was in extreme pain; and the extent of my injury was too severe for Stateville Health Care Unit to attend to properly, an ambulance should have been called to transport me to St. Joseph's Hospital. Instead, I was transported in a State van, accompanied by two C/o officers, and no medical staff. On 11/04/16 at approximately 9:30 am, Supervisor M. Damon came to the H.C.U. at Stateville where I was residing at the time. He came to suggest a false theory that I was properly trained. When I told him that I was never trained by anyone who was an expert or licensed. And that all I was doing, was exactly what I had been shown to do by another inmate, instructed to show me how to operate the soap machine. Supervisor M. Damon shook his head in agreement and stated: "So you were improperly trained." I responded: "yes." and he then walked away.

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

C430

Offender: Zavala      Roderick        k b 8842
    Last Name        First Name      MI     ID#

Facility   Stateville

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: November 1, 2016 Correspondence Dated: _____

Received: 11-18-16    Regarding: Medical on 11-1-16 inmate's hand + 3 Fingers were crushed
       Date
in soap machine. Wants Proper training to operate the machine. Also treatment +
Rehab For hand

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☒ Provide a copy of your Counselor's response.

☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
      Office of Inmate Issues
      1301 Concordia Court
      Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding issue..

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:   Illinois Prisoner Review Board
      319 E. Madison St., Suite A
      Springfield, IL   62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; **therefore, this issue will not be addressed further**.

☐ This office previously addressed this issue on _____ .
           Date

☐ No justification provided for additional consideration.

**Other** (specify : _____
_____

Completed by: _____ Dave White _____    [Signature]    11-22-16
         Print Name          Signature      Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 11/10/16 | Offender: (Please Print) Roderick Zavala SR. | ID#: K68842 |
|---|---|---|

| Present Facility: Stateville Correctional Center | Facility where grievance issue occurred: SoCoCo |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): _Injury_

- [ ] Disciplinary Report: ____/____/____
  Date of Report _____ Facility where Issued

NOV 30 2016
#1134

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On Nov. 1st 2016 at approximately 9:15am, I Roderick Zavala SR. #K68842, Got my left hand, and three fingers, middle, ring, and pinky, caught in between the gears and the pink chain of the soap machine, that I was assigned to, on Nov. 1st 2016, in the stateville industries soap shop. I was removing excess soap from the side of the motor, so that the motor would not over heat, causing the machine to shut down. This is the custom and practice that I was taught, by another inmate, to do regarding excess soap on the side of the motor. This taught custom and practice, by an inmate, I have been doing for the past year. This soap machine is extremely dangerous, and I was not properly taught how to use this machine. If I had been taught properly, I would have been told not to put my hand in that area, and this would have never happened. Also, I have been previously injured on this machine, in another area, on 07/22/15, where I sliced open my index finger, of my right (over→)

**Relief Requested:** Proper and adequate training for all persons who are assigned to operate any machines in the industries. No retaliation pertaining to firing me, or immediate transfer, until all issues have been completely resolved. (Proper and adequate medical treatment, including all follow up, rehab, and Damages as allowed by law...)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Roderick Zavala SR. | #K68842 | 11/10/16 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

| **Counselor's Response (if applicable)** |
|---|

| Date Received: 11/28/16 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** A COPY OF THIS GRIEVANCE HAS BEEN SENT TO THE HCU AND THE GRIEVANCE DEPT. YOU'll RECEIVE A RESPONSE WHEN THE HCU PROVIDES ONE.

| M. Venerable CC I | | 11/28/16 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

| **EMERGENCY REVIEW** |
|---|

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| | ____/____/____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender

DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

hand, and needed medical attention. During both injuries that I suffered, I was only doing what I had been taught to do. On 11/01/16, following my hand being caught in the machine, no one, including my Supervisor M. Damon, had any idea of how to free my hand. Fortunately I was able to turn the machine off by myself. Once the machine was off, I could feel my left hand and fingers being crushed between the gears and the chain. Supervisor M. Damon asked me: "What do I do?" I responded, to remove the cover, so we can see the gears, because there was no way to see how I was trapped. Once the cover was removed, I asked him how does it look? He responded: "It looks bad." While my hand was trapped, and being crushed, I moved in-and-out of consciousness. While conscious, I was feeling extremely dizzy; my breathing became rapid; I was in extreme pain. At no time did Supervisor M. Damon or anyone else call anyone who was capable of freeing my hand. I had to free my own hand. C/o R. Graves #9067, was assigned to the soup shop on 11/01/16. C/o R. Graves #9067 was present, and is willing to verify the circumstances surrounding this catastrophic incident. After freeing my own hand, out of the machine, Nurse Wendy wrapped my hand and brought me to the health care unit in a wheelchair. Once at the health care unit, my hand was cleaned to the best of their ability. Due to the fact that I had to free my own hand, and I went in-and-out of consciousness, plus the fact that I was in extreme pain; and the extent of my injury was too severe for Stateville Health Care Unit to attend to properly, an ambulance should have been called to transport me to St. Joseph's Hospital. Instead, I was transported in a State Van, accompanied by two c/o officers, and no medical staff. On 11/04/16, at approximately 9:30 am, Supervisor M. Damon came to the H.C.U. at Stateville where I was residing at the time. He came to suggest a false theory that I was properly trained. When I told him that I was never trained by anyone who was an expert or licensed. And that all I was doing, was exactly what I had been shown to do by another inmate, instructed to show me how to operate the soap machine. Supervisor M. Damon shook his head in agreement and stated: "So you were 'improperly trained.'" I responded: "yes." and he then walked away.

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

C430

| Date: 12/01/16 | Offender: (Please Print) Róderick Zavala SR. | ID#: K68842 |
|---|---|---|
| Present Facility: Stateville Correctional Center | Facility where grievance issue occurred: S.C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [x] Medical Treatment

- [ ] Disability    GRIEVANCE OFFICE
- [ ] HIPAA
- [ ] Other (specify): _____

DEC 05 2016

- [ ] Disciplinary Report: ___/___/___
       Date of Report                                    Facility where issued    4658

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On Nov. 9th at approximately 9:00 am I, Róderick Zavala Sr. #K68842, arrived at Loyola Univ Medical for my original follow-up after surgery; ordered by Attending surgeon Norman Weinzweig M.D., stated in my discharge instructions - MR# 29247747, page 3 of 5, line 2. During follow-up, Dr. Weinzweig examine post-op evaluation. Dr. Weinzweig stated that I need to be treated by certified hand therapist specifically, not a physical therapist, immediately. Dr. Weinzweig stated, the reason for a certified hand therapist, and not a physical therapist is because sometimes a physical therapist, because of their lack of training in orthopaedics, they will over extend the fingers and risk re-tearing the tendons. Dr. Weinzweig stated that the rubber band is too weak, like that of a childs, and if it tears, I will loose the use of those fingers. Dr. Weinzweig also stated that he would not remove my stitches (over→)

Relief Requested: Immediate rehab, Evaluation and treatment by certified hand therapist, Thermoplast splint. ROME flexor tendon protocol 2-3 times weekly. Follow-ups with Dr. Weinzweig. (All Proper and adequate medical treatment, including all Follow-up, rehab, and Damages as allowed by law.)

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Róderick Zavala SR. | K68842 | 12/01/16 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| _____ | _____ | ___/___/___ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: 12, 5, 16 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| _____ | | 12, 6, 16 |
|---|---|---|
| Chief Administrative Officer's Signature | | Date |

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

because he would only have to put them in again. So it would be best that once I see the certified hand therapist, they can remove the stitches. Per Post-op surgery Recommendations / Plans, page 1, Auth # 36246 5951 - Dr. Weinzweig ordered: O.T. Evaluate & treat by certified hand therapist, Thomoplast splint, ROME (Range of Motion exercise) flexor tendon protocol 2-3 times weekly. Call Dr. Weinzweig at 708-216-9000 for "instructions / specific to patient. RTC (Return to care) in 2 weeks. Today is Dec. 1st 2016, I, Roiserick Zavala S#. # K68842, have not been sent to see Dr. Weinzweig for further Follow-up care. My stitches, nor bandages have not been removed. My wounds have not been cleaned. It has been 1 month since my surgery, and I can feel the pain of the stitches in my fingers every time I move my hands. My fingers have become frozen stiff, and the pain is excruciating. I fear that if I am not seen by a certified hand therapist, my fingers will become stuck in the upright position, and my hand strength and grip will become useless. I spoke to Dr. Saleh Obaisi on Nov. 9th at approximately 1:40 pm. Dr. Obaisi stated that he would file paperwork to Wexford for therapy Follow-up recommendations / Plans ordered by Dr. Norman Weinzweig M.D.. I wrote Dr. Obaisi on ███ 11/14/16, 11/21/16, and 11/28/16 complaining about my pain and discomfort. Dr. Obaisi has not responded to any of my pleas. Dr. Saleh Obaisi and Wexford are acting in a manner that is recklessly indifferent by not adhering to the recommendations / plans ordered by certified orthopaedic practitioner Dr. Weinzweig, on 11/9/16 per Post-op Surgery Follow-up Auth # 36246 5951o.

ILLINOIS DEPARTMENT OF CORRECTIONS

# OFFENDER'S GRIEVANCE

C430

| Date: 12/01/16 | Offender: (Please Print) Roderick Zavala SR. | ID#: K68842 |
|---|---|---|

| Present Facility: Stateville Correctional Center | Facility where grievance issue occurred: S.C.C.o |
|---|---|

**NATURE OF GRIEVANCE:**

GRIEVANCE OFFICE

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [x] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___
  Date of Report          Facility where issued    4658

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by the Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On Nov. 9th at approximately 9:00 am I, Roderick Zavala Sr. #K68842, arrived at Loyola Univ Medical for my original follow-up after surgery; ordered by Attending surgeon Norman Weinzweig M.D., stated in my discharge instructions - MR# 293 4747, page 3 of 5, line 2. During follow-up, Dr. Weinzweig examine post-op evaluation. Dr. Weinzweig stated that I need to be treated by certified hand therapist specifically, not a physical therapist; immediately. Dr. Weinzweig stated, the reason for a certified hand therapist, and not a physical therapist is because sometimes a physical therapist, because of their lack of training in orthopaedics, they will over extend the fingers and risk re tearing the tendons. Dr. Weinzweig stated that the rubber band is too weak, like that of a childs, and if it tears, I will loose the use of those fingers. Dr. Weinzweig also stated that he would not remove my stitches (over→)

Relief Requested: Immediate rehab, Evaluation and treatment by certified hand therapist, thermoplast splint, ROM & flexor tendon protocol 2-3 times weekly, follow-ups with Dr. Weinzweig. (All Proper and adequate medical treatment, including all follow-up, rehab, and Damages as allowed by law.)

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Roderick Zavala SR. | K68842 | 12 , 01 , 16 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

| **Counselor's Response** (if applicable) | |
|---|---|

Date Received: 12 , 12 , 16      [ ] Send directly to Grievance Officer      [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: A COPY OF THIS GRIEVANCE HAS BEEN SENT TO THE HCU AND GRIEVANCE OFFICE. YOU'LL RECEIVE A COPY OF THE GRIEVANCE RESPONSE WHEN THE HCU COMPLETES THEIR RESPONSE

| Mr. Venerable | [signature] | 12 , 12 , 16 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|

Date Received: 12 , 5 , 16      Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
[x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

[signature]            12 , 6 , 16

Chief Administrative Officer's Signature                    Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

because he would only have to put them in again. So it would be best that once I see the certified hand therapist, they can remove the stitches. Per Post-op surgery Recommendations / Plans, page 1, Auth # 36246 5951 - Dr. Weinzweig ordered: O.T. Evaluate & treat by certified hand therapist. Thermoplast splint. ROME (Range of Motion exercise) flexor tendon protocol 2-3 times weekly, Call Dr. Weinzweig at 708-216-9000 for instructions / specific to patient. RTC (Return to care) in 2 weeks. Today is Dec. 1st 2016, I, Roderick Zavala Sr. # K68843, have not been sent to see Dr. Weinzweig for further Follow-up care. My stitches, nor bandages have not been removed. My wounds have not been cleaned. It has been 1 month since my surgery, and I can feel the pain of the stitches in my fingers every time I move my hand. My fingers have become frozen stiff, and the pain is excruciating. I fear that if I am not seen by a certified hand therapist, my fingers will become stuck in the upright position, and my hand strength and grip will become useless. I spoke to Dr. Saleh Obaisi on Nov. 9th at approximately 1:40 pm. Dr. Obaisi stated that he would file paper work to Wexford for therapy Follow-up recommendations / Plans ordered by Dr. Norman Weinzweig M.D.. I wrote Dr. Obaisi on ~~the~~ 11/14/16, 11/21/16, and 11/28/16 complaining about my pain and discomfort. Dr. Obaisi has not responded to any of my pleas. Dr. Saleh Obaisi and Wexford are acting in a manner that is recklessly indifferent by not adhering to the recommendations / plans ordered by certified orthopaedic practitioner Dr. Weinzweig, on 11/9/16 per Post-op Surgery Follow-up Auth # 36246 5951.

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 12/28/16 | Offender: (Please Print) Róderick Zavala Sr. | ID#: K68842 |
|---|---|---|

| Present Facility: Stateville Correctional Center | Facility where grievance issue occurred: S.C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [x] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____ / ____ / ____
  _____ Date of Report _____   _____ Facility where Issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On December 21st at approximately 10:51 I, Róderick Zavala Sr. #K68842, went on a Med. call pass to see Dr. Obaisi. Dr. Obaisi asked me, Róderick Zavala Sr. #K68842, "how has your therapy been going?" I, Róderick Zavala Sr. #K68842, replied: "What therapy? I have not been to therapy at all." I, Róderick Zavala Sr. #K68842, also stated: "Both of the practitioner's recommended that I go to therapy 2-3 times a week." Dr. Obaisi said: "I know you need therapy, but I can't send you out." (Reminder)-( On Nov. 9th, Dr. Weinzweig, orthopaedic surgeon, recommended therapy 2-3 times a week by certified hand therapist per Post-op Surgery Follow-up Auth # 36246595 I.)-(On Dec. 9th, Katherine Southworth, orthopaedic Hand therapist, also recommended therapy 3 times a week per Findings report Auth # 714121885.) I, Róderick Zavala Sr. #K68842, pleaded with Dr. Obaisi: "Please just get me some therapy, so that I

**Relief Requested:** Proper and adequate medical treatment, including all Follow-up, rehab, therapy, as well as all damages and relief for pain and suffering as allowed by law.

- [ ] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Róderick Zavala Sr. | K68842 | 12 / 28 / 16 |
|---|---|---|
| Offender's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

---

| **Counselor's Response (if applicable)** |
|---|

| Date Received: 1 / 11 / 17 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** A copy of this grievance has been forwarded to the HCU for review and response and the original grievance has been forwarded to the grievance office. There is no need to send your copy to the grievance officer or the HCU. You will receive a final response when the HCU responds to same.

| C.HARRIS | | 1/13/17 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** |
|---|

| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| _____ | | _____ |
| Chief Administrative Officer's Signature | | Date |

don't loose the function of my fingers and hand." Dr. Obaisi said: "go into the therapy office and let Jose, Jose Becerra - stateville physical therapist, look at your hand. I, Roderick Zavala SR. #K68842, went into the therapy office and showed Jose my hand. Jose checked his list, and found that I was not on it. I returned to the E.R. and explained to Dr. Obaisi that Jose said I was not on the list. Dr. Obaisi said: "I must have forgotten to put you in for therapy; go back and make and appointment. I, Roderick Zavala SR. #K68842, returned back to the physical therapy office, and asked Jose: could he see me, please? Jose made an appointment to see me on Tues. Dec. 27th I, Roderick Zavala SR. #K68842, returned back to the E.R. and relayed to Dr. Obaisi that Jose has scheduled to see me on Tues. Dec. 27th. I, Roderick Zavala SR. #K68842, then showed Dr. Obaisi the whole in my ring finger, and explained to him that this is one of the reasons I've been writing to you about my pain. Should this hole still be in my finger, and should it be burning like this? Can you do something about it? Dr. Obaisi look at my finger, and then gave me two weeks worth of band-aids, and said: "you'll be fine." On Tues. Dec. 27th at approx. 10:00 am, I, Roderick Zavala SR. #K68842, went in for my first therapy session. (Reminder) — (This is 57 days after surgery) - (This is 48 days after the first recommendation for therapy by the surgeon, Dr. Weinzweig) - (This is 18 days after the second recommendation for therapy by the certified hand therapist, Katherine Southworth) Jose began to work with my hand. I, Roderick Zavala SR. #K68842, explained to Jose that I have a hole in my ring finger, that will not close, and it's been in excruciating pain since Nov. 14th 2016. At first Jose said: "that could be a result of your fingers being crushed during the injury." As Jose continued the therapy on my fingers, he noticed that there was puss and blood coming from the hole. So I, Roderick Zavala SR. #K68842, pointed out that it feels like I still have stitches in my fingers, and I can see something that looks like a black string under the bloody area. Jose looked at my finger closer and said: "there are stitches in your finger. This is probably why your finger is not healing properly; the stitches may be hindering the hole from closing." I, Roderick Zavala SR. #K68842, ask Jose could he take them out. Jose said: well I'm not a doctor, so I can't remove them. Jose then said: "We are going to stop therapy now, until that gets looked at." Respectfully, Jose personally escorted me around to see Dr. Aguinaldo. The nurse told Jose that she couldn't send me in to see the Dr. because I was not on the list. Jose pleaded with her, that this was extremely important. Finally, she agreed to allow me to see Dr. Aguinaldo. After waiting a while, Dr. Aguinaldo called me in. Dr. Aguinaldo look at his list and said: "You are not on my list, I can't see you." I showed Dr. Aguinaldo my fingers, and he immediately recognized the problem and neglect for my circumstances. Dr. Aguinaldo escorted me to the E.R. and asked me: "Why have they not taken out these stitches, that has to be painful? I, Roderick Zavala #K68842, replied: "Yes it is painful; I've been complaining about the pain for weeks." I also stated: "I wrote Dr. Obaisi about the pain and stitches in my fingers on 11/14/16, 11/21/16, and 11/28/16. I also wrote the warden about it on 11/17/16, 11/24/16, and filed and emergency grievance on Dec. 1st. Dr. Aguinaldo said: "What happened then?" I said: "I received no response from Dr. Obaisi, and the warden declared my grievance a non-emergency." I even showed Dr. Obaisi the same thing you are looking at, on Dec. 21st, and he just gave me some band-aids." Dr. Aguinaldo said: ██████ "That's unfortunate, don't worry I'll get those stitches out today, and hopefully you will no longer be in pain." Dr. Aguinaldo cleaned my wounds, and removed the stitches. Dr. Aguinaldo gave me some band-aids, and some antibiotic ointment and sent me on my way.



**LOYOLA**
**MEDICINE**
*We also treat the human spirit.®*

## Information About Your Hospitalization
### 11/1/2016                                      Roderick Zavala  | MR# : 2924747

### Reason for Hospitalization

**While you were admitted**
Comments: You were treated for laceration to left hand during your hospitalization.

### Dates of Your Hospital Stay

| | |
|---|---|
| You were admitted on: November 1, 2016 | You last received care in the: 4 Tower |
| You were discharged on: November 3, 2016 | Unit phone number: 708-216-1910 |

### According to our records, you have indicated you are allergic to the following:

No active allergies

### Immunizations

| Name | Date |
|---|---|
| Influenza Vaccine (Afluria) PF 5 Yrs & Above | 11/03/16 |

### According to Our Records, Your Healthcare Provider is:

**Primary Care Provider**
No Prov Designated Asked

### Your Discharging Provider is:

| Attending | Phone |
|---|---|
| Norman Weinzweig, MD | 708-327-2653 |

## Patient Discharge Instructions
### 11/1/2016                                      Roderick Zavala  | MR# : 2924747

### Information About Your Medications

The MEDICATIONS listed below are the medicines & dosages you should now take at home. DO NOT take any other medications unless instructed by your doctor.
Call your doctor:
- Before taking any medicines ordered by another doctor
- Before taking any "over-the-counter" medicines
- If you have any questions

### Your medications

**Take these medications as prescribed.**

| **ALBUTEROL** | Morning | Noon | Evening | Bedtime | As Needed |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| **cephALEXin 500 MG capsule**<br>Take 1 Cap by mouth 3 times daily.<br>Commonly known as: KEFLEX | Morning | Noon | Evening | Bedtime | As Needed |
| **CLARITIN PO**<br>Take by mouth. | Morning | Noon | Evening | Bedtime | As Needed |
| **DSS 100 MG Caps**<br>Last Dose Time: 11/3/2016  7:45 AM<br>Take 100 mg by mouth 2 times daily. | Morning | Noon | Evening | Bedtime | As Needed |
| **hydrocodone 5 mg with acetaminophen 325 mg (NORCO) 5-325 MG per tablet**<br>Last Dose Time: 11/3/2016  7:45 AM<br>Take 1 Tab by mouth every 4 hours as needed for pain.<br>Commonly known as: NORCO | Morning | Noon | Evening | Bedtime | As Needed |

## FUTURE LOYOLA APPOINTMENTS

**Your future Loyola appointments are listed below.**
**Call us 24 hours a day to make, change or cancel an appointment.**
### PATIENT ACCESS CENTER
### 1-888-LUHS888 (584-7888)

### Therapy Treatment

No treatment plans exist

## GENERAL DISCHARGE INSTRUCTIONS

Your nurse, therapist or dietician may give you additional discharge instructions. The instructions will give you more information on how to care for yourself at home. Contact your physician if you have any questions or if your symptoms worsen.

If you are a heart failure patient, check your weight as instructed. If your heart failure symptoms worsen (for example: swelling, difficulty breathing, weight gain), contact your physician.

## DISCHARGE ORDERS

### Discharge Orders

| Future Labs/Procedures | Expected by | Expires |
|---|---|---|
| **DISCHARGE ACTIVITY** | As directed | |
| Comments: | | |
| You may resume activities as described:  Non weight bearing to the left upper extremity | | |

Zavala, Roderick (MR # 2924747) DOB: 05/11/1977 Printed by [L25406] at 11/3/16 4:31 PM          Page 2 of 5

**DISCHARGE DIET**      As directed

Comments:

You may have the following diet at home: General

**DISCHARGE OTHER**      As directed
**INSTRUCTIONS**

Comments:

Keep splint and dressing clean, dry, and intact. Take norco as needed for pain. Take keflex as prescribed. Please follow-up with Dr. Weinzweig early next week as scheduled. CALL YOUR SURGEON'S OFFICE WITH DIFFICULTIES or ANY OF THE FOLLOWING SYMPTOMS:
Pain, swelling of calf
Severe sudden onset of pain
Wound drainage increases, thick yellow or green
fever 101.0 or above, Please check your temperature daily for 7 days

IF YOU SHOULD BECOME SHORT OF BREATH OR EXPERIENCE CHEST PAIN, PLEASE GO TO THE NEAREST EMERGENCY ROOM FOR EVALUATION IMMEDIATELY

Teri Heywood Orthopaedic Hand Nurse Practitioner Monday-Friday 8am-5pm 708-216-9012
Orthopaedic Resident on Call: at night & on weekends 708-216-9000
Or call the Loyola Emergency department at 708-216-3882, or go to an emergency room which is closest to you.

FOR REFILL OF YOUR PRESCRIPTIONS RELATED TO YOUR ORTHOPAEDIC CARE, PLEASE HAVE YOUR PHARMACY FAX A REFILL REQUEST TO 708-216-6223, PLEASE ALLOW 3 WORKING DAYS NOTICE.

Please note that we cannot call in or fax prescriptions for narcotics due to changes in the Federal Law. You will need a written prescription and it may be necessary to come to clinic to pick up the prescription.

WE REGRET THAT WE ARE NOT ABLE TO CALL IN PRESCRIPTIONS OVER THE WEEKEND OR ON HOLIDAYS , SO IF YOU ARE RUNNING LOW ON YOUR MEDICATIONS, GIVE US ADVANCE NOTICE DURING REGULAR BUSINESS HOURS

**INITIATE MYCHART**      As directed
**QUESTIONNAIRE**

**REASON FOR**      As directed
**HOSPITALIZATION**

Comments:

You were treated for laceration to left hand during your hospitalization.

## HEALTH MAINTENANCE

**How to prevent future illness**

Some diseases can be prevented or better controlled if they are detected early. If you have not visited your primary care physician recently, please consider making an appointment with him/her to discuss what testing may be recommended for your particular age and background.

If you do not have a primary care physician, we may be able to assist you in scheduling an appointment with a primary care doctor at Loyola.

Below is a partial list of some recommended preventive services.  Please review at your convenience.

- Colonoscopy screening
- Prostate screening
- Cholesterol screening
- Diabetes screening
- Women's prevention health
- Osteoporosis screening

Please contact your insurance company with any questions you may have regarding coverage for these screenings.

## RESOURCE PHONE NUMBERS

*The following resources are provided to all patients being discharged.*

**SMOKING CESSATION**
For your good health and your family's health, **DO NOT USE TOBACCO PRODUCTS.**
Visit the National Cancer Institute **www.smokefree.gov** or call:
 1-877-4U-QUIT (1-877-448-7848)
1-800-QUITNOW (1-800-784-8669

**SUICIDE HOT LINES:** In the event you or a loved one should need help.
National Suicide Prevention Hotline 1-800-273-TALK (8255)
Crisis Line of Resurrection Behavioral Health, Melrose Park 708-681-4357

**ALCOHOL / DRUG ABUSE:**
 U.S. Department of Health & Human Services states that consuming 3 or more alcoholic beverages every day puts you at risk for alcohol abuse.
Alcoholics Anonymous:
www.aa.org
312-346-1475
708-366-9558
National Clearinghouse for Alcohol & Drug Information
www.health.org (under "resources")

**DOMESTIC VIOLENCE**
Illinois Coalition Against Domestic Violence 1-877-863-6338 or www.ILCADV.org

**ELDER ABUSE**
Illinois Department on Aging 1-866-800-1409 or **http://www.state.il.us/aging/**

## DISCHARGE INSTRUCTIONS REVIEWED

These discharge instructions and/or attachments have been reviewed with the patient and/or responsible party. The patient and/or responsible party received a copy and have verbalized understanding of the instructions.

**myLoyola**

We're proud to offer you online access to this discharge instruction report through myLoyola Select, our secure patient portal.  Whether you're at work, on the road, or at home, get automatic

access to this information, or request an appointment. Sign up for myLoyola Select today - and get connected to your care.

**Access Code:  SCFB6-NR5TF**
**Expires: 12/3/2016  3:57 PM**

How to access your myLoyola:
Go to www.loyolamedicine.org. Click on Patients and Visitors, then myLoyola. Select Sign Up Now. Enter your access code, the last four of your social security number and your date of birth to create an account.

## Follow-up Information

None

Date: 11/14/16
To: Medical Director Dr. S. Obaisi H.C.U.
From: Ro'Derick Zavala Sr. #K68842 C-430
Subject: Pain in fingers

Hello Dr. Obaisi,

I spoke to you on the 9th about my Follow-up and rehab. My fingers have been throbbing and feeling stiff. The pain medication isn't helping. I'm not sure; but it feels like something is wrong. Can I please see you, or a hand therapist.

Thank you!

Sincerely,
Rodut Jn Csr.
#K68842



Date: 11/17/16

To: Warden

From: Róberick zavala sr #K68842  C-430

Subject: Help with Medical treatment.

Hello Warden

I received your response to my grievance. Thank you for reviewing it for me. I have forwarded it to the ARB for further review.

Also, I have not been sent out to see a certified hand theropist, or to have my stitches removed as ordered by the Orthopaedic Surgeon, Dr. Norman Weinzweig, on 11/09/16. It has been a week, and my fingers are in pain. I wrote Dr. Obaisi about this issue a few days ago; (11/14/16) and he has not responded. Can you please look into this issue for me.

Thank you!

Sincerely,

Robert Zavala sr

#K68842



Date: 11/21/16

To: Medical Director Dr. S. Obaisi H.C.U.

From: Roderick Zavala SR. #K68842    C-430

Subject: Concern about pain intensifying in my fingers

Hello Dr. Obaisi,

I wrote you a week ago about the pain in my fingers increasing. Every time I moved my hand, I can feel a burning sting in my fingers from the stitches. I can feel the pain from under the skin, inside my fingers. Also, my fingers are feeling more stiff and unmoveable. I should have went out last week to see the certified hand therapist. I am suppose to go back to loyola for follow up this week. My fingers hurt bad, please see me, and let me know something.

Thank you!

Sincerely,

Roderick Zavala SR.
#K68842

②

Date: 11/24/16

To: Warden

From: Ro'Derick Zarala Sr. #K68842   C-430

Subject: Seeking help with Medical recommendation/Plans Follow up

Hello Warden

On 11/9/16 I went to loyola Univ. Medical for Post-Op Surgery with Dr. Weinzweig. Dr. Weinzweig recommended/Planned for O.T. Evaluate & treatment by certified hand therapist. Thomoplast splint ROME flexor tendon protocol 2-3 times weekly. He wrote to Call Dr. Weinzweig at 708-216-9000 for instructions / specific to patient. And for me to Return to care (RTC) in 2 weeks.

Two weeks have passed. I have not been to see the Certified hand therapist. My stitches have not been removed. I have received no rehab. My hand and fingers are in extreme pain. Dr. Obaisi will not respond to any of my letters. I'm trying not to write a grievance; but I am in pain. Please look into this issue for me.

Thank you!

Sincerely,

Ro'Derick Zarala Sr. #K68842

①

Date: 11/28/16
To: Medical Director Dr. S. Obaisi
From: Ro'Derick Zavala SR. #K68842  C-430
Subject: Complete confusion as to Medical/rehab Follow up

     Hello Dr. Obaisi,

     I can't take this pain any longer. Please send
me out to see the Surgeon, or the Certified hand
therapist. My fingers hurt bad from these stitches.
My fingers and hand smell horrible. My fingers
are numb, and feel frozen stiff.

                              Thank you!

                                        Sincerely,
                                        Roderick Zala SR.
                                        #K68842

Ⓩ

ILLINOIS DEPARTMENT OF CORRECTIONS
**Medical Special Services Referral and Report**

Auth#362465951

Stateville Correctional Center
(Facility)

Offender's Name: _Zavala, Roderick_ ID# _K68842_

DOB: 5-18-77

Reason for Referral:
- [ ] Consult
- [ ] Non-Formulary Medications
- [ ] Medical Equipment
- [ ] Evaluation
- [ ] Management
- [ ] Procedure/service (specify)
- [ ] Other (specify) _____

Urgent: [X] Yes [ ] No

Referred to: _Loyola Univ Medical_

Rationale for Referral: _Post-Op Surgery with Dr. Weinzweig_
_11-9-16_

_S. Obaisi_ _____ 11-7-16
Print Referring Practitioner's Name    Referring Practitioner's Signature    Date

---

Report of Referral (Use Reverse Side, if necessary)

Findings: _____

_____

_____

Assessment: _____

_____

Recommendations/Plans: _OT. Evaluate + treat by certified hand therapist._
_Thermoplast splint ROM + flexor tendon protocol 2-3 times_
_weekly. Call Dr. Weinzweig at (708) 216-9000 for instructions/specific_
_to patient._ _RTC 2weeks._ _11-9-16_

_Norman Weinzweig_ _____ _11-9-16_
Print Practitioner's Name    Practitioner's Signature    Date

---

**Facility Medical Director Use Only**
I have reviewed the recommendations and:

- [ ] Approve.

- [ ] Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision, DOC 0255.

_____    _____    _____
Print Facility Medical Director's Name    Facility Medical Director's Signature    Date

Distribution: Offender's Medical File, and
if denied/revised, Heath Care Unit Administrator          Page 1 of 1          DOC 0254 (Eff. 4/2007)
(Replaces DC 7105)

# Zavala, Roderick

MRN: 2924747
Description: 39 year old male

**Progress Notes** Date of Service: 11/03/16 0703

Status: ▓▓▓▓▓▓▓▓▓

Harkin, Elizabeth, MD (Res/Fel)
ORTHOPAEDIC SURGERY

## ORTHO PROGRESS NOTE
Roderick Zavala is a 39y male. MRN 2924747. Admitted 11/1/2016

### SUBJECTIVE·
Pain controlled, numbness to ulnar aspect of middle finger

### VITALS:
Temp (24hrs), Avg:97.9 °F (36.6 °C), Min:97.3 °F (36.3 °C), Max:98.4 °F (36.9 °C)

**Visit Vitals**
- BP          145/62 (BP Patient Position: Semi-Fowlers)
- Pulse       71
- Temp        97.6 °F (36.4 °C)
- Resp        20
- Ht          1.829 m (6')
- Wt          86.6 kg (190 lb 14.4 oz)
- SpO2        95%
- BMI         25.89 kg/m2

### EXAM:
Gen: NAD; awake and alert

L hand:
Splint and dressing c/d/i
Exposed finger tips of MF/RF/SF pink, wwp distally in splint with BCR
Decreased SLT ulnar aspect of MF
Flexes and extends thumb

### MEDS:
**Current Facility-Administered Medications**

| Medication | Dose | Route | Frequency |
|---|---|---|---|
| • acetaminophen 650 mg tab | 650 mg | oral | every 6 hours as needed |
| • albuterol 90 mcg base/puff 2 Puff HFA MDI | 2 Puff | inhalation | 4 x daily as needed |
| • diphenhydrAMINE 25 mg cap | 25 mg | oral | every 6 hours as needed |
| • docusate sodium 100 mg cap | 100 mg | oral | 2 x daily |
| • hydrocodone 5 mg with acetaminophen 325 mg (NORCO) 1 Tab | 1 Tab | oral | every 4 hours as needed |
| • | 2 Tab | oral | every 4 hours as needed |

hydrocodone 5 mg with
acetaminophen 325
mg (NORCO) 2 Tab

| | | | |
|---|---|---|---|
| • influenza virus vaccine adult 0.5 mL inj | 0.5 mL | intramuscular | Once this admission |
| • morphINE 2 mg inj | 2 mg | intravenous | every 3 hours as needed |
| • multivitamin (ADULT) 1 Tab | 1 Tab | oral | daily |
| • NaCl 0.9% 1000 ml (plain bag) | 1,000 mL | intravenous | continuous |
| • NaCl 0.9% 1000 ml (plain bag) | 1,000 mL | intravenous | continuous |
| • ondansetron 4 mg inj | 4 mg | intravenous | every 6 hours as needed |
| • polyethylene glycol 3350 (MIRALAX) 17 g powder | 17 g | oral | daily as needed |
| • sennosides 1 Tab | 1 Tab | oral | at bedtime |
| • vitamin C (ascorbic acid) 500 mg tab | 500 mg | oral | daily |

**LABS:**
**Recent Labs**

| | 11/01/16 1930 |
|---|---|
| WBC | 9.0 |
| HGB | 15.8 |
| HCT | 48.0 |
| PLT | 224 |
| AGRAN | 54 |
| MCV | 91.0 |

**Recent Labs**

| | 11/01/16 1930 |
|---|---|
| NA | 136 |
| K | 3.5 |
| CL | 101 |
| CO2 | 26 |
| BUN | 9 |
| CR | 0.82 |
| GLU | 87 |
| CA | 9.5 |

**Recent Labs**

| | 11/01/16 1930 |
|---|---|
| INR | 1.0 |
| PT | 11.7 |
| PTT | 28.2 |

**ASSESSMENT / PLAN:**

39y male POD#1 s/p Irrigation and debridement of left middle, ring and small fingers, repair of ulnar slip of FDS of small finger, repair of partial tear of FDP ring and small fingers, radial digital nerve repair of middle and ring fingers, Integra placement to ring finger
-pain controlled
-perioperative abx complete
-norco and morphine for pain
-NWB LUE
-plan for d/c home today and follow-up with Dr. Weinzweig early next week

Liz Harkin, MD
Orthopaedic Surgery, PGY2
x11832
Service pager 92086 (6pm - 7am)


ED to Hosp-Admission (Discharged) on 11/1/2016

ILLINOIS DEPARTMENT OF CORRECTIONS
**Medical Special Services Referral and Report**

_S x 9_
(Facility)

Offender's Name: _Zavala Rodrick_ ID# _K 68842_

Reason for Referral:
☐ Consult ☐ Non-Formulary Medications ☐ Medical Equipment
☐ Evaluation ☐ Management
☐ Procedure/service (specify) _____
☐ Other (specify) _____

Urgent: ☐ Yes ☐ No

Referred to: _____

Rationale for Referral: _Occupational Therapy by Certified Hand Therapist and Therapist Splint_

_S. Obgi's_
Print Referring Practitioner's Name

Referring Practitioner's Signature

_11-9-16_
Date

### Report of Referral (Use Reverse Side, if necessary)

Findings: _Significant edema & scar tissue thickening / adhesions severely limit excursion of the FDS & FDP tendons @ the MF, RF and SF._

Assessment:

Recommendations/Plans: _Compression digital sleeves, HVGS for edema reduction and/or pulsed US, HEP 1x/day per sheet, orthosis between exercise sessions. Therapy 3x/wk for wound care / scar tissue mobilization to pre-surgical adhesions, prolonged passive / active extension extensors / lumbricals / ORL - layered bands, differential tendon gliding FDS/P._

_Katherine Southworth_
Print Practitioner's Name

Practitioner's Signature _OTR/CHT_

_12/9/16_
Date

**Facility Medical Director Use Only**
I have reviewed the recommendations and:

☐ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision, DOC 0255.

_____
Print Facility Medical Director's Name

_____
Facility Medical Director's Signature

_____
Date

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

December 2, 2016

Roderick Zevala, K68842
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

**Re:** **Freedom of Information Act Request #161202014**

Dear Mr. Zevala:

This letter is in response to your request to the Illinois Department of Corrections ("IDOC") for information pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

You have requested the incident/accident reports by the correctional officers, internal affairs and the supplemental reports redacted from the requesters accident at Stateville Correctional Center's Industry soap shop that occurred on November 1, 2016 and July 22, 2015.

<u>Response:</u>    IDOC does not possess or maintain records regarding the July 22, 2015 date.

Regarding November 1, 2016 your request is granted with redactions pursuant to Section 7(1) (e-6) of the Freedom of Information Act which exempts the release of "records requested by persons committed to the Department of Corrections if those materials include records from staff members' personnel files, staff rosters, or other staffing assignment information."

In the event you view this response as a denial of your request, you have a right to have the denial reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your request for review with the PAC to:

Public Access Counselor
Office of the Attorney General
500 South 2nd Street
Springfield, Illinois 62706

You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)). Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

Sincerely,
Lisa Weitekamp
Freedom of Information Officer

ILLINOIS DEPARTMENT OF CORRECTIONS

**Incident Report**

Incident Number: _____

Type of Incident: _____

If the answer is yes to any of the following questions, explain in narrative below:

Facility/Program: Stateville ICI_____  Date of Incident: 11/1/2016___  Time of Incident: 09:15___ ☒am ☐pm

| | | |
|---|---|---|
| Was a Weapon Involved: | ☐ YES ☒ NO | |
| Was Property Damaged: | ☐ YES ☒ NO | |
| Were Arrests Made: | ☐ YES ☒ NO | |
| Were there Media Inquiries: | ☐ YES ☒ NO | |

| | |
|---|---|
| Were Restraints / Force Used: | ☐ YES ☒ NO |
| Were Chemical Agents or OC Used: | ☐ YES ☒ NO |
| Appr. Unit and/or Law Enf. Agency Notified: | ☐ YES ☒ NO |
| Any Injuries / Hospitalizations: | ☒ YES ☐ NO |

**Offenders / Staff Involved:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| Inmate Zavala | K-68842 | RECEIVED | |
| ▓▓▓▓▓▓▓▓ | | NOV 0 1 2016 | |

**Witnesses to Incident:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| Inmate Mitchell | B-59698 | OPERATIONS | |
| Inmate Smith | B-00708 | | |
| Inmate Williford | R-33963 | | |

**Statement of Facts:  (NARRATIVE)**

On the above date and approximate time, ICI Supervisor ▓▓▓▓▓▓ Started my rounds of the Furniture shop when I heard a yell to stop machine. I turned around and headed to the soap shop where the yell sounded like it was coming from. As soon as I could see the end of the bar soap machine I seen the workers huddled around the back of the stamper. I made my way to them and noticed Inmate Zavala with his hand in the machine gears. I went right in to removing the guard from the machine to get a better look at what was wrong. That is when I seen Inmates Zavala's fingers caught in between the gear and chain. As the inmates removed the top gear I called the code 3 over the radio. As the workers where working on removing the chain I went to the front door to meet the Mad-tec. Seen the med-tec and LT. heading for the soap shop I informed them of the injury and that we were getting his fingers freed. Once his fingers were freed he made his way around the machine so the med-tec could bandage his hand. Than he was taken to the E.R.

| | | | | |
|---|---|---|---|---|
| ▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ | 11/1/2016 10:05 AM | ▓▓▓▓▓▓▓▓ | 12:00/? |
| Reporting Employee (Print) | Reporting Employee Signature | Date / Time | Person Accepting Report | Date / Time |

Administrative Assessment: ▓▓▓▓▓▓▓▓▓▓▓▓

Chief Administrative Officer: ▓▓▓▓▓▓▓▓   Date / Time: 11-2-16  2:40

Distribution:  Director, Deputy Director, File     *Printed on Recycled Paper*     DOC 0434 (Eff. 1/2014)
               Legal Services (only if restraints/force used)                    [Replaces DC 434]

ILLINOIS DEPARTMENT OF CORRECTIONS

## Incident Report

Incident Number: _____

Type of Incident: _____

**If the answer is yes to any of the following questions, explain in narrative below:**

Facility/Program: STATEVILLE CC  Date of Incident: 1 NOV 16  Time of Incident: 9:35 ☒am ☐pm

| | | |
|---|---|---|
| Was a Weapon Involved: | ☐ YES ☒ NO | Were Restraints / Force Used: ☐ YES ☒ NO |
| Was Property Damaged: | ☐ YES ☒ NO | Were Chemical Agents or OC Used: ☐ YES ☒ NO |
| Were Arrests Made: | ☐ YES ☒ NO | Appr. Unit and/or Law Enf. Agency Notified: ☐ YES ☒ NO |
| Were there Media Inquiries: | ☐ YES ☒ NO | Any Injuries / Hospitalizations: ☒ YES ☐ NO |

**Offenders / Staff Involved:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| ZAVALA, R. | K69842 | RECEIVED | |
| | | NOV 01 2016 | |

**Witnesses to Incident:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| Smith | B00708 | OPERATIONS | |

**Statement of Facts: (NARRATIVE)**

ON THE ABOVE DATE AND APPROXIMATE TIME WHILE DOING SECURITY ROUNDS IN INDUSTRIES THIS R/O ▮▮▮▮▮ RESPONDED TO A CODE 3 CALLED OVER SECURITY 1 BY INDUSTRIES SUPERVISOR DAMON. THIS R/O ARRIVED IN SOAP FACTORY TO OBSERVE I/M ZAVALA, R. (IDENTIFIED BY STATE ISSUED I.D.) WHOSE HAND WAS CAUGHT IN THE (CHAIN) OF THE SOAP MACHINE. I/M ZAVALA UTILIZED TOOLS TO REMOVE THE CHAIN AND FREED HIS FINGERS. I/M SMITH (B00708 IDENTIFIED BY STATE ISSUED I.D.) HAD BROUGHT THE FIRST AID KIT. THIS R/O HAD PLACED LATEX GLOVES ON AND HAD GAUZE AND A TOWEL. AFTER I/M ZAVALA HAD REMOVED HIS HAND FROM THE MACHINE THIS R/O PLACED TOWEL UNDER HIS HAND TO CATCH BLOOD. AT THIS TIME MED TECH ARRIVED AND PERFORMED MEDICAL ATTENTION. I/M ZAVALA WAS TAKEN TO HCU-EOR

| Reporting Employee (Print) | Reporting Employee Signature | Date / Time 10:00Am 1 NOV 16 | Person Accepting Report | Date / Time 11-1-16 |
|---|---|---|---|---|

**Administrative Assessment:**

Chief Administrative Officer: ▮▮▮▮▮▮▮  Date / Time: 11-2-16  2:50

Distribution: Director, Deputy Director, File  Printed on Recycled Paper  DOC 0434 (Eff. 1/2014)
Legal Services (only if restraints/force used)  [Replaces DC 434]

ILLINOIS DEPARTMENT OF CORRECTIONS

## Incident Report

Incident Number: _____

Type of Incident: _____

If the answer is yes to any of the following questions, explain in narrative below:

Facility/Program: Stateville C C    Date of Incident: 11-1-16    Time of Incident: 9:18 ☑am ☐pm

| | | |
|---|---|---|
| Was a Weapon Involved: | ☐ YES | ☑ NO |
| Was Property Damaged: | ☐ YES | ☑ NO |
| Were Arrests Made: | ☐ YES | ☑ NO |
| Were there Media Inquiries: | ☐ YES | ☑ NO |

| | | |
|---|---|---|
| Were Restraints / Force Used: | ☐ YES | ☑ NO |
| Were Chemical Agents or OC Used: | ☐ YES | ☐ NO |
| Appr. Unit and/or Law Enf. Agency Notified: | ☐ YES | ☐ NO |
| Any Injuries / Hospitalizations: | ☐ YES | ☑ NO |

**Offenders / Staff Involved:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**Witnesses to Incident:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| Zavala K68842 | | | |
| | | | |

**Statement of Facts: (NARRATIVE)**

On Novedale @ approx time Code 3 called in soap shop. I/m Zavala #68842 was injured in a machine gear. The fellow I/ms got I/m Zavalas left hand out of the gear. I/m Zavala had crush injurys with lacerations to baby finger and middle finger. Zavalas ring finger received the most injury with a deep laceration that was jagged. MA evaluation completed. Wound cleansed & rebandaged.

RECEIVED

NOV 01 2016

OPERATIONS

| Reporting Employee (Print) | Reporting Employee Signature | Date / Time | Person Accepting Report | Date / Time |
|---|---|---|---|---|
| ▉▉▉▉▉▉▉▉▉ | 9SSA 11-1-16 | | ▉▉▉▉▉▉ | 11-1-16 |

**Administrative Assessment:** ▉▉▉▉▉▉▉▉▉▉▉▉

Chief Administrative Officer: ▉▉▉▉▉▉▉▉    Date / Time: 11-2-16  2:50

ILLINOIS DEPARTMENT OF CORRECTIONS

## Incident Report

Incident Number: _____

Type of Incident: _____

**If the answer is yes to any of the following questions, explain in narrative below:**

Facility/Program: _STATEVILLE_  Date of Incident: _11-1-16_  Time of Incident: _6 30_  ☑am ☐pm

| | | |
|---|---|---|
| Was a Weapon Involved: | ☐ YES ☑ NO | |
| Was Property Damaged: | ☐ YES ☑ NO | |
| Were Arrests Made: | ☐ YES ☑ NO | |
| Were there Media Inquiries: | ☐ YES ☑ NO | |

Were Restraints / Force Used: ☐ YES ☑ NO
Were Chemical Agents or OC Used: ☐ YES ☑ NO
Appr. Unit and/or Law Enf. Agency Notified: ☐ YES ☑ NO
Any Injuries / Hospitalizations: ☑ YES ☐ NO

**Offenders / Staff Involved:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| | | | |
| | | | |

RECEIVED
NOV 01 '16
OPERATIONS

**Witnesses to Incident:**

| Name | I.D. # | Name | I.D. # |
|---|---|---|---|
| LAVALA Roderick | K68842 | | |
| | | | |

**Statement of Facts: (NARRATIVE)**

AT THE ABOVE DATE AND APPROX. TIME
WAS BROUGHT TO HCU ER - DUE SEVERE CRUSH
IN JURY W/ HAND. / PATIENT WAS SEN
TO ED ST-THE VIA STATE CAR.

END REPORT

_[signature]_

| Reporting Employee (Print) | Reporting Employee Signature | Date / Time | Person Accepting Report | Date / Time |
|---|---|---|---|---|
| ▮▮▮▮▮▮▮▮ | _[signature]_ | 11-1-16 6 30 A | ▮▮▮▮▮▮ | 12:00 pm 11-1-16 |

**Administrative Assessment:** ▮▮▮▮▮▮▮▮▮▮

Chief Administrative Officer: ▮▮▮▮▮▮  Date / Time: _11-2-16  2:30_

Distribution:  Director, Deputy Director, File
Legal Services (only if restraints/force used)

_Printed on Recycled Paper_

DOC 0434 (Eff. 1/2014)
[Replaces DC 434]

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

Stateville Correctional Center
Route 53, P.O. Box 112 • Joliet, IL 60434 • (815) 727 -3607 TDD: (800) 526-0844

# **M E M O R A N D U M**

**DATE:** November 19, 2016

**TO:** ███████████Warden
Stateville Correctional Center

**FROM:** ██████████, Investigator *Cw*
Stateville CC Internal Affairs Unit

**SUBJECT:** 2017 STA 5089 Inmate Injured in Soap Shop

## **SUMMARY:**

This inquiry was conducted at the request of Warden ██████████, Stateville Correctional Center after receiving information that on November 1, 2016 Inmate RODERICK ZAVALA K68842 was injured while working in the Soap Shop.

Major██████████████ documented in a reportable that ZAVALA was working at his assignment in the soap shop when his left hand got caught in the gears of the soap machine stamper.

Industry Supervisor██████████documented in a written report that while he was making his rounds in the furniture shop he heard a yell to stop the machine.████████ documented he turned around and headed to the soap shop where the yell sounded like it came from.████ documented when he arrived to the soap shop he observed the workers at the end of the bar soap machine around the stamper.████████documented that he made his way over to the end of the soap machine and observed ZAVALA with his hand trapped in the machine gears. ███████ocumented that he began to remove the guard from the machine to get better look at what was wrong.████████documented he saw ZAVALA's fingers caught in between the gear and chain.████████ documented as the workers removed the top gear he call a code 3 (Medical Emergency) via the radio████████documented as the workers were removing the chain he went to the front door to meet the Med-tech.████████documented the Med-tech arrived on the scene and bandage ZAVALA's hand and ZAVALA was escorted to the Health Care Unit.

Officer ██████████████ documented in the written report that while he was making his rounds in the industries he responded to a code 3 called via the radio by ████. ████ documented when he arrived in the soap shop he observed ZAVALA with his hand caught in the soap machine.

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

███████ documented ZAVALA utilized tools to remove the chain and free his fingers. ████████ documented that Inmate LONNIE SMITH B00708 bought the first aid kit to him. ████████ documented he used latex gloves to place gauzes and a towel on ZAVALA's hand to catch the blood once ZAVALA's hand was freed from the machine. ████████ documented that the Med-tech arrived and treated injuries ZAVALA. GRAVES documented that ZAVALA was escort to the Health Care Unit.

Correctional Med-tech ████████ documented in a written report that she responded to a code 3 called via the radio in the soap shop. ████████ documented that ZAVALA's left hand was injured by a machine gear ████████ documented that ZAVALA had crushed injuries with lacerations to the baby finger and middle finger, the ring finger received the most damage with a deep laceration that was jagged ████████ documented that an evaluation was completed and the wounds were cleansed and bandaged.

An interviewed was conducted with ZAVALA at which time he stated he was cleaning soap from the side of the motor while it was running to keep it from overheating. ZAVALA stated that there was a blind spot and his hand got caught in the gears. ZAVALA stated he stopped the motor to the machine and someone came with the tools. ZAVALA stated he took machine a part and freed his hand. ZAVALA stated once his hand was freed he was escorted to the Health Care Unit. ZAVALA stated he was escort to ST. Joseph Hospital in a state van where he was treated for his injuries. ZAVALA stated that this was an accident and no one did this to him.

## CONCLUSION:

All available documentations and information with regards to this incident have been reviewed. As a result of the written reports by DAMON, GRAVES, OLSEN and the statement given by ZAVALA it was determined that this was accident and no one else was involved with ZAVALA being injured. Therefore this inquiry is considered to be closed at this time.

## ATTACHMENTS:

1. Reportable, ██████ 11/01/2016
2. Incident Report, ██████ 11/01/2016
3. Incident Report, ██████ 11/01/2016
4. Incident Report, ██████ 11/01/2016
5. Investigational Interview, ZAVALA 11/01/2016

Warden Randy Pfister     Date

Kush 35/78470

ILLINOIS DEPARTMENT OF CORRECTIONS
**Medical Special Services Referral and Report**

Sta
(Facility)

Offender's Name: _Javala Roderick_ ID# _K 68842_

Reason for Referral: ☐ Consult ☐ Non-Formulary Medications ☐ Medical Equipment
☐ Evaluation ☐ Management
☐ Procedure/service (specify) _____
☐ Other (specify) _____

Urgent: ☐ Yes ☐ No

Referred to: _____

Rationale for Referral: F u hand surgery in 6 weeks

Print Referring Practitioner's Name: S. Obaisi   Referring Practitioner's Signature   Date: 2/25/17

---

Report of Referral (Use Reverse Side, if necessary)

Findings: LRF + LLF may stiff c contracture PIPJ LLF + inability to flex @ DIPJ LRF — Wrist & height ROM OT 3-4x/week × 8 mg

Assessment: _____

Recommendations/Plans: Recommend OT 3-4x/week — Sum → flex & extension tendons jt Capsulotomies + intrasig release LLF + LRF

Print Practitioner's Name: _Norman Weinzweig_   Practitioner's Signature   Date: 03/15/17

---

Facility Medical Director Use Only
I have reviewed the recommendations and:

☐ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision, DOC 0255.

Print Facility Medical Director's Name   Facility Medical Director's Signature   Date